USCA1 Opinion

 

 February 26, 1993 [Not for Publication] [Not for Publication] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1828 UNITED STATES OF AMERICA, Appellee, v. DWIGHT ERIC CHADBOURNE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ____________________ Jerome B. Goldsmith for appellant. ___________________ Margaret D. McGaughey, Assistant United States Attorney, with ______________________ whom Richard S. Cohen, United States Attorney, and James L. McCarthy, ________________ _________________ Assistant United States Attorney were on brief for appellee. ____________________ ____________________ Per Curiam. Defendant asserts that the district court Per Curiam. __________ committed reversible error in its bench-trial ruling precluding the following inquiry of defendant's expert: Doctor, could that severe manic episode you testified Eric suffered from at the time of the offense have caused him to have been unable to appreciate the nature and quality or the wrongfulness of his acts? For several reasons, we believe the issue defendant attempts to raise on appeal need not be reached.1 First, though it sustained the government's Rule 704(b) objection, the district court did not preclude the quoted inqui- ry. Rather, the court went on to state: "You can ask the question for whatever weight the Court wishes to give it. . . ."2 Second, and more to the point, the district court expressly found that there was insufficient evidence that defen- dant suffered from "a severe mental disease or defect" when he ____________________ 1The sole basis for the appeal is that the district court misapplied Federal Evidence Rule 704(b), which provides: (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone. Fed. R. Evid. 704(b). 2The Court further explained: "The point being that it's the trier of fact that makes that ultimate factual decision and not the expert under 704." robbed the bank. Absent an appellate challenge to the district court's predicate finding, and there is none, there can have been no error in the exclusion of defense counsel's hypothetical question. Third, all else aside, the ruling is firmly rooted in Rule 702, which empowers the court to allow expert testimony if it could "assist the trier of fact to understand the evidence or to determine a fact in issue. . . ." Fed. R. Evid. 702. As the trier of fact, the district court judge simply determined that the proffered expert testimony would not aid its determination of the ultimate issue. There could be no abuse of discretion in its Rule 702 exclusion, particularly in view of its invitation to proceed with the testimony for whatever weight the court might decide to give it. Affirmed. ________ 3